UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNA L. WALKER, o/b/o
ROBERT H. WALKER, Deceased

       Plaintiff,                      Case No. 08-13578
vs.                                          HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. Introduction**

This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation, dated September 17, 2009 [Docket No. 28]. On January 20, 2009, Plaintiff filed a Motion to Remand [Docket No. 16]. Defendant filed a Motion for Summary Judgment on March 30, 2009 [Docket No. 23]. Magistrate Judge Virginia M. Morgan issued a Report and Recommendation denying Plaintiff's Motion to Remand and granting Defendant's Motion for Summary Judgment on September 17, 2009 [Docket No. 28]. Plaintiff filed objections to Magistrate Judge Virginia M. Morgan's Report and Recommendation on October 8, 2009 [Docket No. 31]. Defendant filed its response on October 23, 2009 [Docket No. 32].

**II. Standard of Review**

       **A. Report and Recommendation**

Judicial review of the Commissioner's decision is limited in scope to determining

-1-

whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his or her conclusion. *Garner v. Heckler*, 745 F. 2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F. 2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F. 2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. *Smith v. Secretary of HHS*, 893 F. 2d 106, 108 (6th Cir. 1989). An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F. 2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F. 2d 1147, 1150 (8th Cir. 1984)).

To preserve the right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of copy, as provided in U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right to an appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections to the Magistrate Judge's recommendation on October 8, 2009.

**B. Summary Judgment**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has

interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983).

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

### III. Applicable Law & Analysis

Plaintiff raises five objections to the Magistrate Judge's Report and Recommendation. Plaintiffs' objections merely restate the issues that the Magistrate Judge previously considered. First, Plaintiff objects to the Magistrate Judge's assessment that Plaintiff's testimony regarding Mr. Walker's state of mind in 1996 was "hearsay," because she did not know Mr. Walker at that time. Plaintiff contends that the "Social Security Regulations do not classify retrospective testimony as 'hearsay'." (P's Objection to R & R p 2). Plaintiff further contends that the Social Security Regulations are "remedial in nature with the intent of inclusion rather than exclusion of

evidence." *Id.* The Magistrate Judge concluded, on the other hand, that Plaintiff "did not really know claimant [Mr. Walker] until 1996," and she would not be able to testify to Mr. Walker's state of mind in 1988." (M's R & R p. 5). For these reasons, the Magistrate Judge found that Plaintiff's testimony was hearsay. This Court does not have to reach this finding, as the ALJ's reasoning is supported by the record. The ALJ specifically did "not discount the testimony of claimant's widow or daughter," but notes that "during the entire time each had the opportunity to witness claimant's pain, his treating doctor's notes contain observations of a functioning disabled man." (Tr. 863). The ALJ gave controlling weight to the doctors' reports, and found that while they "contain observations of major depression; they do not support a significant diminution of mental capacity." *Id.* The ALJ acknowledges that one counselor, Ms. Terri Cally, once opined that she doubted Mr. Walker could have filed the necessary paperwork for a Social Security Appeal. However, the ALJ did not credit this opinion over Ms. Cally's earlier two opinions, which "did not include any suggestion that the claimant suffered a significant diminution of mental capacity after he filed his Request for Reconsideration in October, 1988, nor do they portray a man who lacks the mental capacity [sic] understand the procedures for requesting review of the subsequent Reconsideration determination." (Tr. 876).

Second, Plaintiff objects to the Magistrate Judge's assessment that Plaintiff has no standing to raise a constitutional claim. Plaintiff argues that she has standing to "'step into the shoes' of her deceased husband [Mr. Walker] as a widow with a Social Security claim." (P's Objections p. 3). Plaintiff contends that in 1988, her husband's mental disabilities prevented him from filing his application for Social Security benefits. Plaintiff further claims that when her motion to reopen was denied, it deprived Mr. Walker of due process. The Magistrate Judge,

however, concludes that even assuming Plaintiff has standing, Mr. Walker's due process was not violated because "there was nothing 'arbitrary' or 'unfair' about the decision to not to reopen" Mr. Walker's disability claim. (Ms' R &R p. 16). The Magistrate Judge further concludes that there is no evidence that proves "mentally Mr. Walker was any different in 1997 than he was in 1988 from the standpoint of knowing his ability to appeal." *Id.* This Court agrees with the Magistrate Judge's decision.

Third, Plaintiff objects to the Magistrate Judge's assessment that evidence regarding Mr. Walker's capacity to understand the procedures for requesting review appears to be absent from the record. Plaintiff contends that the ALJ has no proof that Mr. Walker filed an appeal of cessation of benefits on October 13, 1988; this is during the time Mr. Walker's wife committed suicide and Mr. Walker was left with two minor children. Plaintiff further contends that the record is silent on whether or not Mr. Walker had assistance filing the appeal of the cessation of benefits. The Magistrate Judge concluded, however, that there is substantial evidence to reveal Mr. Walker's understanding of the review procedures. First, Mr. Walker was never found to be legally incapacitated. Second, the record indicates that Mr. Walker was able to understand the procedures enough to request reconsideration. Third, Mr. Walker was never hospitalized or treated for a mental disorder during this time. Fourth, during the few therapy sessions that Mr. Walker attended in 1988 and 1989, he was found to be "alert and fully oriented, intact memory, average intelligence, no evidence of a thought disorder, and displayed insight and judgment that improved from poor to fair." (M's R&R p. 15). Last, Mr. Walker's "brain study was negative for organic or other impairment." (M's R&R p. 16). Since Mr. Walker's record revealed no comprehension or mental impairments, the Magistrate Judge concluded that "the ALJ's finding

that Mr. Walker had the capacity to file a timely appeal is supported." *Id.* This Court agrees with the Magistrate Judge's assessment.

Fourth, Plaintiff objects to the Magistrate Judge's assessment of the time at which Mr. Walker's mental capacity is relevant. Plaintiff contends Mr. Walker's mental capacity should be evaluated at the time of termination of benefits, in February of 1989. Plaintiff contends that the Magistrate Judge's decision places much emphasis on Dr. Andert's assessment of Mr. Walker in 1999. The Magistrate Judge considered Mr. Walker's mental health record, without placing undue emphasis on one evaluation over the another. The Magistrate Judge found that between 1988 and 1990 Mr. Walker "had no psychiatric hospitalizations and attended only three group therapy sessions." (M's R & R p. 11). Even if the Magistrate Judge would have only considered Mr. Walker's mental capacity in February of 1989, the record would not support Plaintiff's contentions. This Court agrees with the Magistrate Judges's assessment.

Finally, Plaintiff objects to the Magistrate Judge's assessment of Social Security Ruling 91-5p. Plaintiff contends that the Magistrate Judge omits one important factor in the R & R: "the Decision as to what constitutes mental incapacity must be based on all pertinent facts in a particular case. The adjudicator will resolve any reasonable doubt in favor of the claimant [Mr. Walker]." (P''s Objections p. 5). Before making a ruling, the Magistrate Judge considered all pertinent facts of the case, including the facts that Mr. Walker had never been found to be legally incapacitated, that he was able to understand the procedures in 1988 shortly after his wife died, that he was never hospitalized for any psychiatric condition between 1988 and 1990, and that his attendance at a few therapy session between 1988 and 1990 revealed him to be "alert and fully oriented." The Magistrate Judge also considered Dr. Andert's 1999's testimony regarding Mr.

Walker and Dr. Strum's brain study results and medical opinion of Mr. Walker's mental capacity. This Court agrees with the Magistrate Judge's assessment.

Accordingly,

IT IS ORDERED that Magistrate Judge Virginia M. Morgan's Report and Recommendation [**Docket No. 28, filed on September 17, 2009**] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [**Docket No. 23, filed on March 30, 2009**] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Summary Remand [**Docket No. 16, filed on January 20, 2009**] is DENIED.

IT IS FURTHER ORDERED that this cause of action is DISMISSED with prejudice.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2010, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager